# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>    Defendant. | Case No 21 C 00051<br><br>Hon. Judge Virginia M. Kendall |
| THERESA LOENDORF, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 21 C 00610<br><br>Hon. Judge Virginia M. Kendall |

**ORDER**

  Before the Court is Defendant PeopleConnect, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). (Dkt. 44). As explained more fully herein, Defendant's 12(b)(3) motion is granted in part and denied in part. The Motion is granted with respect to Plaintiff Sergio Bonilla. The motion is denied without prejudice as to Plaintiff Theresa Loendorf. The remainder of Defendant's Motion brought pursuant to Rules 12(b)(2) and 12(b)(6) is dismissed without prejudice and with leave to refile after the issue of arbitration has been resolved.

**BACKGROUND**

  Plaintiff Bonilla filed a class-action complaint on January 5, 2021, alleging that

PeopleConnect displays his name, photographs, and likeness from his high school yearbook without his consent and for the commercial purpose of advertising paid memberships to the Classmates website in violation of the Illinois Right of Publicity Act. (21 C 51, Dkt. 1). On February 2, 2021, Plaintiff Loendorf filed a separate class action complaint premised on the same set of alleged facts and alleging violation of the Illinois Right of Publicity Act. (21 C 610). The cases were consolidated before this Court on March 12, 2021 (Dkt. 16) and the Plaintiffs subsequently filed the operative consolidated class action Amended Complaint on April 20, 2021 (Dkt. 37) alleging a violation of the Illinois Right of Publicity Act (Count I), violation of the ICFA (Count II), Intrusion Upon Seclusion (Count III) and Unjust Enrichment (Count IV).

## DISCUSSION

PeopleConnect moves to dismiss the Amended Complaint pursuant to Rule 12(b)(3) arguing that both named Plaintiffs in this case are bound by arbitration provisions. (Dkt. 45 at 2-7). A motion to dismiss based on a contractual arbitration clause is appropriately "conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3)." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011) (citing *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007)). Courts may consider facts outside the pleadings to decide a 12(b)(3) motion. *Faulkenberg*, 637 F.3d at 809-810.

PeopleConnect contends that both named Plaintiffs are bound by arbitration agreements, but for different reasons. It alleges Bonilla entered into an agreement with Classmates.com personally; and that both Bonilla and Loendorf are bound by the actions of their attorneys while investigating the claims of this case. (Dkt. 45 at 3-5).

The parties do not dispute that Bonilla created an account with Classmates.com in 2007. (Dkt. 45 at 4; Dkt. 51 at 4). Classmates.com added an arbitration provision in January 2014, which includes a delegation provision. (Dkt. 45, Ex. 3 at 5-6). Bonilla has accessed Classmates.com at least eight times since Classmates.com added an arbitration provision to its TOS. (Dkt. 45-1 at 6-7).

"When deciding whether parties agreed to arbitrate a certain matter, courts generally apply ordinary state-law principles that govern the formation of contracts." *Druco Rest., Inc. v. Steak N Shake Enterp., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). Illinois law requires that the website user have reasonable notice of all the terms of service as well as reasonable notice that an action like clicking a button means the user assents. *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034–36 (7th Cir. 2016). To assess the validity of the contract to arbitrate, it is important to determine whether the contract was a "clickwrap" or a "browsewrap" contract. "A 'clickwrap' agreement is formed when website users click a button that indicates that users "agree or accept" to terms of an agreement upon viewing its terms posted on the website." *See, e.g., Sgouros v. TransUnion Corp.*, 2015 WL 507584 at *4 (N.D. Ill. 2018). Conversely, "A 'browsewrap' agreement is an agreement where users are bound to its terms by merely navigating or using a website." *Id.* at *6.

Bonilla received sufficient notice of the TOS at the time he joined Classmates.com in 2007. PeopleConnect provided a screenshot of the Classmates.com registration page "as it existed in 2007" (at the time Bonilla registered his account). (Dkt. 52-2 at 2-3). This registration page shows

2

that, directly above a button that says "Submit," the registration page alerts individuals that "[b]y clicking 'Submit', you agree to the Classmates Terms of Service." (*Id.* at 3):



The evidence Bonilla submits in response is from 2004 and omits the registration page that Bonilla would have had to complete in order to register for a Classmates.com account. (See Dkt. 52-2 at 2). This cannot refute the evidence that PeopleConnect has presented. This link goes beyond impermissible "browsewrap" that forms an agreement simply by use of the website. *See, e.g., Anand v. Heath*, 2019 WL 2716213 at *3 (N.D. Ill. June 28, 2019) ("hybridwrap" contracts that share components of clickwrap and browsewrap contracts are also valid as long as the button that performs the assent is located near the hyperlink to the terms of service; *see also Johnson v. Uber Technologies, Inc.*, 2018 WL 4503938 at *4 (N.D. Ill. Sept. 20, 2018) (holding that the statement that creating an account meant agreeing to the terms of service with a hyperlinked terms of service was sufficient notice to form a valid contract).

Further, at the time Bonilla agreed to the TOS, there was a term that allowed Classmates to modify the TOS and post that updated TOS on the website, with users deemed to have accepted changes to the TOS by accessing the website. (Dkt. 45 Ex. 1 at ¶16). Such unilateral changes to contracts are permitted under Illinois law. *Miracle-Pond v. Shutterfly, Inc.*, 2020 WL 2513099 at *5 (N.D. Ill. May 15, 2020); *Sherman v. AT&T Inc.*, No. 11 C 5857, 2012 WL 1021823, at *4 (N.D. Ill. Mar. 26, 2012); *Williams v. TCF Nat'l Bank*, 2013 WL 708123, at *9 (N.D. Ill. Feb. 26, 2013) (collecting cases). Bonilla points to his lack of recollection to cast doubt upon the validity of the TOS as to his own claims. (Dkt. 51 at 4). This is unavailing. *See Tinder v. Pinkerton Security*, 305 F.3d 728, 735–36 (7th Cir. 2002); *see also Traeger v. American Express Bank FSB*, 2014 WL 340421 at *5 (N.D. Ill. Jan. 30 2014) (failure to remember seeing updated terms does not make the updated terms invalid). Bonilla does not dispute that he accessed the Classmates.com website after the arbitration provision was added in 2014 (Dkt. 51 at 5) ("Mr. Bonilla has not logged in to Classmates since June 2018.") This is sufficient to have accepted the changes to the TOS, even if he does not recall seeing those changes.

Bonilla tries to save his claim by arguing that (1) the agreement has "expired" and so is not enforceable and (2) the arbitration agreement is unconscionable and should not be enforced. Bonilla offers no legal support for the proposition that an arbitration agreement with no explicit expiration date "expires" at some unknown point in time. In any event, having found the existence of an arbitration agreement with a delegation provision, it is up to the arbitrator to make such decisions. *See Crooms v. Sw. Airlines Co.*, 459 F. Supp. 3d 1041, 1055 (N.D. Ill. 2020) (The "incorporation of AAA [American Arbitration Association] Rules delegates arbitrability decisions to the arbitrator."); *see also J.A. through Allen v. Microsoft Corp.*, No. C20-0640, 2021 WL 1723454, at *8 (W.D. Wash. Apr. 2, 2021), report and recommendation adopted, No. C20-0640, 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021) ("[A]ny question of unconscionability[] must be determined by the arbitrator.")

The parties agree that Loendorf (unlike Bonilla) never signed up with Classmates.com and therefore did not personally agree to the Terms of Service; rather, PeopleConnect alleges that her attorneys, in investigating the allegations of the Complaint, consented to the TOS as her agent. (Dkt. 45 at 5-6). PeopleConnect's theory is that the lawyer-client relationship, being one of agency, allows lawyers to bind their clients to an arbitration agreement when investigating potential litigation claims. (*Id.*) The parties agree that Plaintiffs' counsel agreed to the Classmates.com Terms of Service but disagree as to whether that is sufficient to bind Loendorf. PeopleConnect alleges that Loendorf (and Bonilla) had counsel "affirmatively test" Classmates.com in order to bolster their claims. (*Id.* at 6). However, there is a preliminary issue of fact about Loendorf's knowledge and direction of counsels' use of the Classmates.com site and agreement to the TOS.

The parties are therefore authorized to engage in limited discovery relating to Loendorf's knowledge, direction, and/or authorization of counsels' investigation on the Classmates.com website, including agreement to the Classmates.com TOS, as well as discovery topics closely related thereto. If PeopleConnect chooses to take a limited deposition of Loendorf on this issue, that deposition shall not foreclose a later deposition on the merits. Limited fact discovery must be complete by May 1, 2022. If, after discovery, PeopleConnect wants to renew its motion to compel arbitration and has an adequate basis to do so, it may refile the instant motion. The remainder of the motion to dismiss for lack of personal jurisdiction and for failure to state a claim is dismissed with prejudice as moot, with leave to refile.

## **CONCLUSION**

For the foregoing reasons, PeopleConnect's motion to dismiss pursuant to Rule 12(b)(3) is granted in part and denied in part. The motion is granted as to Plaintiff Bonilla. The 12(b)(3) motion is denied without prejudice as to Plaintiff Loendorf. The parties are directed to engage in limited discovery to be completed by May 1, 2022. The remainder of Defendant's motion is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: March 29, 2022